UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JIMMIE L. WASHINGTON,<br>Plaintiff, | Case No. 1:12-cv-628 |
| vs. | Beckwith, J.<br>Litkovitz, M.J. |
| C/O JOHN McCOY,<br>Defendant. | ORDER AND REPORT<br>AND RECOMMENDATION |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 against defendant C/O John McCoy (McCoy) alleging McCoy used excessive force against him in violation of his constitutional rights. This matter is before the Court on plaintiff's motion to strike and stay service (Doc. 26) and plaintiff's motions for restraining orders (Docs. 27, 30).

## I. Plaintiff's Motion to Strike and Stay Service (Doc. 26)

Plaintiff moves to strike his motion to amend his complaint (Doc. 14) asserting that he did not exhaust his administrative remedies as to the allegations in the amended complaint. (Doc. 26). Plaintiff further requests that the Court stay service of process on McCoy until the District Judge rules on plaintiff's objections to the undersigned Magistrate's Judge determination that plaintiff was not entitled to default judgment as he had failed to properly effect service on McCoy. *Id.* For good cause shown, plaintiff's motion to strike his amended complaint is **GRANTED**. This case shall proceed on plaintiff's original complaint. *See* Doc. 3. Plaintiff's motion to stay service of process is **DENIED** as moot as the District Judge overruled plaintiff's objection finding that plaintiff had not satisfied the requirements of valid service of process under Fed. R. Civ. P. 4(c). (Doc. 29 at 2).

## II. Plaintiff's Motions for Restraining Orders (Docs. 27, 30)

Plaintiff requests that the Court enter an order enjoining McCoy and SOCF in its entirety from physically abusing him or order that plaintiff be transferred to another facility. Plaintiff has submitted affidavits in support of his requests in which he attests that McCoy and other SOCF employees confiscated his personal property in retaliation for plaintiff complaining about SOCF correctional officers and used excessive force against him, including using pepper spray against him and locking him in a room without water for 24 hours. (Doc 27 at 4; Doc. 30 at 1).

In determining whether to issue an injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991).[1] The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995).

The undersigned notes that these motions mirror plaintiff's previous motions for injunctive relief (Docs. 9, 21) which have been denied by the District Judge. *See* Doc. 29. For

---

[1] These same factors are considered in ruling on motions for restraining orders. *See Northeast Ohio Coalition for Homeless and Srv. Employees Inter. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir.

2

similar reasons, the undersigned recommends that the instant motions for restraining orders be denied.

Despite the Court's prior order outlining the deficiencies in his initial requests for injunctive relief, *see* Doc. 23 at 3-5, plaintiff's instant motions for restraining orders are similarly lacking. Plaintiff has presented no evidence demonstrating that he has a substantial likelihood of success on the merits of his claim or that he will suffer irreparable harm should his motions be denied. Even construing plaintiff's affidavits as unsworn statements under 28 U.S.C. § 1746, they do not contain facts demonstrating that plaintiff is entitled to a restraining order or transfer from SOCF. Specifically, plaintiff's motions relate to alleged retaliatory acts which have already occurred. "[R]estraining order[s are] not the proper mechanism for remedying past violations yet to be proven." *Brown v. Voorhies*, No. 07cv463, 2009 WL 4331157, at *1 (S.D. Ohio Nov. 30, 2009) (Beckwith J.) (citing *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996)). Here, however, this is precisely the remedy plaintiff seeks - a restraining order to address alleged constitutional violations which have already taken place. As the relief requested is improper given the instant circumstances and as the evidence submitted by plaintiff fails to demonstrate either that he has a substantial likelihood of success based on the merits of his constitutional claim or that he will suffer irreparable harm absent a Court order, plaintiff's motions for restraining orders (Doc. 27, 30) should be **DENIED.**

### III. Conclusion

For the reasons stated herein, **IT IS ORDERED THAT** plaintiff's motion to strike his amended complaint is **GRANTED** and plaintiff's motion to stay service (Doc. 26) is **DENIED**

---

2006).

3

as moot. Further, **IT IS RECOMMENDED THAT** plaintiff's motions for restraining orders (Docs. 27, 30) be **DENIED.**

Date: 6/4/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JIMMIE L. WASHINGTON,
Plaintiff,

vs.

C/O JOHN McCOY,
Defendant.

Case No. 1:12-cv-628

Beckwith, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).