## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JIMMIE L. WASHINGTON,
      Plaintiff,

      vs.

C/O JOHN McCOY,
      Defendant.

Case No. 1:12-cv-628

Beckwith, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's "motion for an extension of time and motion to stay pending judgment" (Doc. 68), defendant's response in opposition (Doc. 69), and plaintiff's reply memorandum (Doc. 71).  Also before the Court are plaintiff's motion to strike defendant's motion for an extension of time (Doc. 61) and plaintiff's "request for judgment on his motion for summary judgment" (Doc. 70).

    1. <u>Plaintiff's Motion for an Extension and to Stay (Doc. 68)</u>.

Defendant John McCoy filed a fully dispositive motion for summary judgment on March 6, 2014.  (Doc. 65).  Plaintiff requests that this matter be stayed until the Court enters a ruling on his motion for summary judgment (Doc. 54), which was filed on November 21, 2013.  (Doc. 68). In the event plaintiff's request for a stay is denied, plaintiff requests an extension of time of twenty-one (21) days to respond to defendant's summary judgment motion, citing his limited access to legal material given his status as a prisoner.  (*Id.*).

Plaintiff's request to stay this matter is **DENIED**.  The fact that plaintiff filed a summary judgment motion before defendant does not justify granting a stay.  Under the Federal Rules, either party may file an independent summary judgment motion.  Further, it is the preferred practice of the Court to rule on such motions once briefing is completed in full rather than approach the motions in a piecemeal fashion.  However, plaintiff's request for an extension of

time is **GRANTED**.  Plaintiff shall have **twenty-one (21) days** from the filing date of this Order by which to file his response in opposition to defendant's summary judgment motion.  Plaintiff is reminded that he must comply with the Court's Local Rules and the Federal Rules of Civil Procedure in responding to defendant's motion.

     2. Plaintiff's Motion to Strike (Doc. 61).

     Plaintiff moves to strike defendant's motion for an extension of time to respond to plaintiff's motion for summary judgment (Doc. 58), asserting that it was untimely filed because defendant filed his motion on the date his response was due.  (Doc. 61).  Under Federal Rule of Civil Procedure 6(b)(1)(A), defendant's motion for an extension was timely.  In addition, the undersigned Magistrate Judge has already granted defendant's motion for good cause shown.  Accordingly, the motion to strike (Doc. 61) is **DENIED** as moot.

     3. Plaintiff's Motion for Judgment (Doc. 70).

     Plaintiff moves the Court to rule on his motion for summary judgment (Doc. 54) due to his belief that "the Court has clearly ignored" the motion.  (Doc. 70 at 1).  Plaintiff is incorrect.  The Court is fully aware of plaintiff's pending motion and, as stated above, intends to rule on it in conjunction with defendant's summary judgment once briefing on that motion is complete.  Accordingly, plaintiff's motion for judgment (Doc. 70) is **DENIED**.

     **IT IS SO ORDERED.**

Date: _3/31/14_

Karen L. Litkovitz
United States Magistrate Judge