UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jimmie L. Washington, : Case No. 1:12-cv-628
:
    Plaintiff, :
:
vs. :
:
John McCoy, Correctional Officer, :
:
    Defendant. :

**ORDER**

Plaintiff, Jimmie L. Washington, is an inmate at the Southern Ohio Correctional Facility. He filed a pro se complaint in August 2012 against Correctional Officer John McCoy, alleging that McCoy violated his constitutional rights under 42 U.S.C. § 1983. (Doc. 3) He specifically alleges that McCoy used unconstitutionally excessive force against him during an incident that took place on or about February 6, 2012, when McCoy was escorting Washington up a flight of stairs at the prison. Washington claims that McCoy used excessive force against him without provocation, while McCoy reported that Washington was resisting him and trying to loosen his handcuffs. The prison's Rules Infraction Board initially found Washington guilty of resisting McCoy's commands during the incident, but this decision was reversed by the Warden due to insufficient evidence.

Both Washington and McCoy have filed motions for summary judgment in this case. (Docs. 54, 65) The Magistrate Judge issued an Order that denied several non-dispositive motions filed by Washington. With respect to the dispositive motions, she recommended that this Court deny Washington's motion, and grant McCoy summary

judgment. (Doc. 81) The Magistrate Judge found that Washington's claim against McCoy in his official capacity is barred by the Eleventh Amendment. This Court agrees. It is well settled that a state actor sued in his official capacity is immune from money damages under that amendment. See, e.g., Barker v. Goodrich, 649 F.3d 428, 433 (6th Cir. 2011).

Regarding the claims against McCoy individually, the Magistrate Judge concluded that McCoy is entitled to qualified immunity. The record reflects no material dispute about the fact that on the day of the incident, while McCoy was escorting Washington up the stairs, Washington moved and turned around. McCoy pushed him back against either a wall or some sort of cabinet, and applied force to his upper back/neck to restrain him. Washington asserts that he was simply trying to pick up some papers, and was not trying to resist McCoy. McCoy interpreted Washington's movement as an aggressive one, and that he was attempting to get out of his handcuffs; McCoy responded by restraining him. Washington was seen by prison medical staff immediately after the incident. The medical exam report completed by Nurse Ben Wiget after the incident noted the following physical observations: "No visible injury. Moving neck in all directions while talking loudly and inappropriate [sic]. Moved neck downward and side to side." (Doc. 54, p. 13) The nurse concluded that no treatment was needed. Washington does not allege that he ever needed or requested further treatment.

The Magistrate Judge noted that the Supreme Court has held that corrections officers are entitled to "wide-ranging deference" with respect to actions they take to preserve order and discipline within a prison environment, citing Hudson v. McMillian,

503 U.S. 1, 6 (1992). Given the *de minimis* use of force by McCoy, and the lack of any serious injury to Washington, she concluded that Washington failed to establish a genuine factual dispute over whether McCoy maliciously or sadistically used force with an intent to cause him harm. She therefore found that Washington failed to establish an Eighth Amendment claim for use of excessive force, and that McCoy is entitled to qualified immunity.

On May 23, Washington filed a motion for an extension of time to file his objections to the Report and Recommendation, which were due by May 27. (Doc. 88). However, on May 27, he filed a request for leave of Court to file his objections. (Doc. 89) Since his objections were filed on the original due date, no leave of court would be required. To the extent necessary, however, the Court grants his request for leave to file the objections and finds his motion for an extension of time to be moot.

In his objections, Washington argues that the Court should have granted his prior motion to strike McCoy's summary judgment motion. That motion (see Doc. 76) argued that McCoy's motion contained "scandalous" and irrelevant material, and pointed out what Washington believed to be material discrepancies in the evidence cited by McCoy. For instance, Washington cited the fact that some of the evidence suggests that the incident on the stairs took place at approximately 10:20 a.m., while video footage showed that it occurred between 10:26 and 10:28 a.m. The Magistrate Judge denied the motion to strike, rejecting Washington's assertions that the motion was "scandalous" and finding the purported discrepancies to be immaterial to the issues. Washington's pending objections do not raise any cogent reason to revisit those conclusions.

Instead, Washington now argues that McCoy's summary judgment motion and

memorandum should have been stricken because it failed to comply with this Court's Local Rule 7.2(a)(3), requiring memoranda in excess of 20 pages to contain a table of contents and a summary of argument. He suggests that all actions taken and orders entered after McCoy's memorandum was filed should be treated as a nullity, and that he is entitled to judgment against McCoy as a result. He alternatively suggests that this Court should recommit the matter to the Magistrate Judge for further analysis.

Washington is correct in noting that Local Rule 7.2(a)(3) requires a table of contents and a summary of argument for memoranda of law that exceed 20 pages. McCoy points out that his memorandum of law in support of summary judgment is precisely 20 pages long. His memorandum included a proposed statement of undisputed facts, which lengthened the filing by three pages. This statement is not required by the Magistrate Judge assigned to this case nor by this Court. Other judges in this district do, however, require such statements to be filed. As the statement was not considered by the Court, its inclusion in McCoy's motion is of no relevance to the merits of this case. Washington cites several cases arising in this district which have cited the Local Rule, and stated that adherence to it is required. But in none of these cases were parties' memoranda stricken from the record based on a failure to comply with that rule. This Court finds that the memorandum filed by McCoy did not in fact violate Local Rule 7.2(a)(3), and the failure to include a table of contents and summary of argument was immaterial and non-prejudicial.

With regard to the merits of his case, Washington articulates no objections to the Magistrate Judge's findings and recommendations concerning the motions for summary judgment, or her conclusion that McCoy is entitled to qualified immunity. Despite the

lack of specific objection, this Court has reviewed the record de novo pursuant to 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 72(b). Upon such review, the Court finds that Washington's objections to the Magistrate Judge's Report and Recommendation are without merit, and they are overruled.

## CONCLUSION

For the foregoing reasons, the Court fully adopts the Report and Recommendations of the Magistrate Judge. (Doc. 81) Plaintiff's motion for summary judgment (Doc. 54) is DENIED. Defendant's motion for summary judgment (Doc. 65) is GRANTED. Plaintiff's motion for an extension of time to file objections (Doc. 88) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore denies Plaintiff leave to appeal in forma pauperis upon a showing of financial necessity. See McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: June 2, 2014                    s/Sandra S. Beckwith
                                       Sandra S. Beckwith, Senior Judge
                                       United States District Court